# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13-cv-166-FDW

| | |
|---|---|
| STANLEY SHANE SMITH, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>KIERAM J. SHANAHAN, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on initial review of Petitioner Stanley Shane Smith's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, (Doc. No. 1). For the following reasons, the petition will be dismissed as untimely.

## I. BACKGROUND

Petitioner Stanley Shane Smith, a prisoner of the State of North Carolina, pled guilty to second-degree murder, two counts of first-degree burglary, robbery with a dangerous weapon, and two counts of larceny on July 16, 1993, in Polk County Superior Court. (Doc. No. 1 at 1). Petitioner was sentenced to life plus 145 years. Petitioner did not appeal.

On or around September 22, 1997, Petitioner filed a pro se motion for appropriate relief ("MAR") in Polk County Superior Court. (Id. at 3). The MAR Court denied the MAR on October 9, 1997. (Id.). Petitioner filed another pro se MAR on around December 2007, which MAR was denied on around January 2008. Petitioner filed another pro se MAR on December 6, 2012, which MAR was denied on February 5, 2013. Petitioner then filed a Petition for Writ of Certiorari in the North Carolina Court of Appeals, which the Court of Appeals denied on April 22, 2013. (Id. at 8).

1

On May 24, 2013, Petitioner placed the instant § 2254 petition in the prison mail system, and the petition was stamp-filed in this Court on June 4, 2013.[1] Petitioner alleges the following grounds for relief in the petition: (1) "Pleading guilty should have been Petitioner's decision, not Counsel's"; (2) the district attorney visited with Petitioner on numerous occasions without counsel present; (3) Petitioner was subjected to double jeopardy because he was charged with larceny, which is a lesser-included offense of robbery with a dangerous weapon; and (4) the trial judge who presided over Petitioner's sentencing hearing was biased and not impartial.

## II.     STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs habeas courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. After reviewing the record in this case, the Court finds that no response from the government is necessary.

## III.    DISCUSSION

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court

---

[1] This appears to be the first § 2554 petition filed by Petitioner challenging his conviction.

and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Furthermore, for convictions that became final before the AEDPA's effective date, the limitations period began to run on April 24, 1996, the effective date of the Act. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Finally, the one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding. See 28 U.S.C. § 2244(d)(2).

Here, Petitioner entered a guilty plea on July 16, 1993, and he did not appeal. Therefore, his conviction became final ten days after entry of the guilty plea, on July 26, 1993. Because Petitioner's conviction became final before the enactment of the AEDPA, he had until April 24, 1997, one year from the enactment date of the AEDPA, to file his § 2254 habeas petition in this Court. See Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998). Petitioner placed his petition in the prison mail system on May 24, 2013, and it was stamp-filed in this Court on June 4, 2013. Thus, the petition is sixteen years out of time. Furthermore, the filing of any motions after the one-year limitations period had already run did not revive the already expired one-year limitations period. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (concluding that the Section 2254 petition was "clearly time-barred," where the petitioner had moved for post-conviction relief in state court only after the time limitation had expired).

In Section 18 of the petition regarding timeliness, Petitioner argues that the Court should apply equitable tolling, and he asserts the following:

> Since birth, Petitioner has suffered from a severe anatomical disability which left him without fingers or toes. As a result of this disability, writing by hand is an extremely arduous and painful process for him. Similarly, he must rely on others for the performance of many essential daily tasks.

3

> In 1997, Petitioner was enrolled in a computer class and was able to draft a Motion for Appropriate Relief ("MAR") for the North Carolina Supreme Court.
>
> In 2003, Petitioner was briefly assigned as a chaplain's clerk and was able to draft a petition to the North Carolina Court of Appeals regarding the North Carolina Superior Court's dismissal of his MAR.
>
> After repeated requests, in March 2007, North Carolina Prisoner Legal Services ("NCPLS") finally assisted Petitioner with filing a 42 U.S.C. § 1983 Civil Rights Complaint arguing violations of the Americans with Disabilities Act ("ADA"). … The Petitioner complained, in part, that his inability to write prevented him from adequately communicating with attorneys and the courts.
>
> Finally, in March of 2011, Petitioner and prison officials reached settlement in the Action. The Settlement, in part, provided "Smith shall be allowed access to use a Brother ML500 electric word processor . . . the electric processor shall be used by Smith for the purpose of all writing and correspondence, both legal and non-legal, including filling out grievances, sick call slips, and other forms which normally require an inmate to use a pencil or pen."
>
> Prison officials are responsible for maintaining the supplies needed for Petitioner to use the word processor. "[T]he NCDOC shall maintain supplies and equipment for above stated processors"
>
> Prison officials have been fairly lax in maintaining the needed supplies and Petitioner has filed [a] breach of contract with the Rowan County Superior Court.
>
> …
>
> Petitioner, through no fault of his own, has been unable to meet the physical demands necessary to timely file his Petition.
>
> Petitioner's anatomical physical disability has greatly hindered his ability to comply with the time restraints imposed by 28 U.S.C. § 2244(d).

(Doc. No. 1 at 32-33) (record citations omitted).

To be entitled to equitable tolling, a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstances stood in the way of him filing the petition in a timely manner. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005). Here, Petitioner has not shown that he was diligent in pursuing his rights, as he waited sixteen years after his conviction became final to file his § 2254 petition. Nor has Petitioner shown that an extraordinary circumstance prevented him from filing the petition in a timely manner. Although Petitioner contends that because of his disability he was unable to file his petition before 2013,

4

the Court finds that this assertion is belied by Plaintiff's own pleadings in a civil action filed in the Eastern District of North Carolina. In that action, filed on May 16, 2007, Petitioner brought an action under the American Disabilities Act and the Rehabilitation Act, challenging the refusal by officials at Albemarle Correctional Institution to provide him with a word processor for his writing. Petitioner alleged in that action that, since being convicted and while incarcerated at Craggy Correctional Center, he "had access to a computer to perform his personal writing as well as any legal writing he needed to complete. . . . However, since his transfer from [Craggy Correctional Center] and his arrival at Albemarle Correctional Institution he has been denied any use of the computer and is routinely denied access to his personal care items." (Smith v. Beck, No. 5:07ct3034-FL, Doc. No. 5 at 4 (E.D.N.C.)). Plaintiff further alleged in that action that he was transferred away from Craggy Correctional Center in 2005. (Id. at 5). Plaintiff's own statements in his previous lawsuit contradict his allegation here that he did not have the ability at any time in the twenty-year span between his 1993 conviction and 2013 to prepare and file a § 2254 petition. Petitioner simply has not met the burden of showing that this Court should apply equitable tolling. In sum, the petition will be dismissed as untimely.

IV.     **CONCLUSION**

For the reasons stated herein, Petitioner's § 2254 motion is untimely, and the petition will therefore be dismissed.[2]

**IT IS, THEREFORE, ORDERED** that:

1.      Petitioner's § 2254 motion, (Doc. No. 1), is **DENIED** and the petition is

---

[2] The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it. Here, however, such warning is not necessary because, in his § 2254 petition, Petitioner addressed the statute of limitations issue, and Petitioner's explanation indicates no confusion over the timeliness issue.

**DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: June 27, 2013

Frank D. Whitney
Chief United States District Judge